# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | |
| v. | ) | No. 10-20075-04-KHV |
| | ) | |
| MICHAEL JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's letter (Doc. #142), which the Court construes as a motion for appointment of counsel, filed November 3, 2011. In his letter, defendant asks the Court to appoint counsel on a potential claim that the Court did not correctly sentence him under the Fair Sentencing Act of 2010. See Pub. L. 111-220. Defendant apparently seeks counsel to file a motion under 28 U.S.C. § 2255. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Evans, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995); Swazo v. Wy. Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994).

In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Defendant has not shown that he cannot adequately present his claim. The Court rarely appoints counsel before a defendant

has filed a Section 2255 motion. In addition, defendant's proposed claim appears to be procedurally barred in light of his waiver of appeal and collateral attack in the plea agreement. <u>See</u> <u>Plea Agreement</u> (Doc. #77) filed September 17, 2010 ¶ 13. The Court therefore declines to appoint counsel.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #142), which the Court construes as a motion for appointment of counsel, filed November 3, 2011 be and hereby is **OVERRULED**.

Dated this 11th day of April, 2012 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge