**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL JONES, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 10-20075-04-KHV |

## MEMORANDUM AND ORDER

On December 14, 2010, the Court sentenced defendant to 120 months in prison. Pursuant to a government motion under Rule 35, the Court later reduced defendant's sentence to 108 months. This matter is before the Court on defendant's pro se Motion For Modification Of Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c) (Doc. #163) filed July 20, 2015. For reasons stated below, the Court sustains defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c). If eligible, the Court may reduce defendant's term of imprisonment, after considering any applicable factors set forth in Section 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c); see Dillon v. United States, 560 U.S. 817, 826-27 (2010); United States v. Green, --- F. App'x ----, 2015 WL 5316506, at *3 (10th Cir. Sept. 14, 2015).

Amendment 782 took effect on November 1, 2014 and generally lowers by two levels the base offense levels in the Drug Quantity Table. On July 18, 2014, the United States Sentencing Commission voted to apply the amendment retroactively to those offenders currently in prison. See Amendment 788.

Defendant originally had a total offense level of 27 with a criminal history category of III for a guideline range of 87 to 108 months. See Presentence Investigation Report ("PSIR") (Doc. #93) ¶ 68.[1] Under Section 5G1.1 of the Sentencing Guidelines, however, the statutory minimum of ten years trumped defendant's calculated guideline range. Id., ¶¶ 67-68. The Court sentenced defendant to the statutory minimum of 120 months. On government motion under Rule 35(b), Fed. R. Crim. P., the Court reduced defendant's sentence to 108 months.

The PSIR (Doc. #93) and the Court's calculation of the relevant guideline range at sentencing was incorrect in two respects: (1) defendant was actually accountable for at least 567 grams of cocaine base, not 283.5 grams,[2] and (2) defendant was only subject to a statutory minimum sentence of 60 months, not 120 months.[3] The government argues that defendant is not eligible for relief under Amendment 782 because at sentencing, the Court used a total offense level 27 – which is the same

---

[1] The PSIR calculated that defendant was accountable for 283.5 grams of cocaine base, id., ¶ 28, and set the base offense level at 30. Id., ¶ 34. Defendant received a three-level reduction for timely acceptance of responsibility. Id., ¶¶ 34-44.

[2] In converting from ounces to grams, Paragraph 28 of the PSIR incorrectly accounted for only one ounce of crack cocaine rather than two. Specifically, Paragraph 28 recites that "two ounces (28.35 grams) multiplied by 10 occasions equals 283.5 grams." Two ounces actually equals 57.7 grams, or a total of 577 grams to reflect 10 occasions.

[3] The Fair Sentencing Act of 2010, which set new statutory thresholds for minimum sentences involving cocaine base, applies to all offenders sentenced after August 3, 2010. Dorsey v. United States, –– U.S. ––, 132 S. Ct. 2321, 2335 (2012). Here, the Superseding Indictment (Doc. #52) charged defendant with a conspiracy involving 50 grams or more of cocaine base, which correlates to a mandatory minimum of five years under the Fair Sentencing Act.

offense level under the amended guidelines. See Response To Motion For Modification Of Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #166) filed October 15, 2015 at 3, 5. At sentencing, however, the Court actually used a guideline range of 120 months based on the statutory minimum. Even though the Court did not sentence defendant based on the correct guideline range,[4] Amendment 782 (combined with proper application of the Fair Sentencing Act) lowers the range used by the Court (120 months) to a range of 108 to 135 months. Accordingly, defendant is eligible for relief under Amendment 782.

In determining whether a sentence reduction is warranted and the extent of any reduction, the Court considers the factors set forth in 18 U.S.C. § 3553(a). See U.S.S.G. § 1B1.10. In particular, among other factors, the Court must consider the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant and any threat to public safety. United States v. Meridyth, 573 F. App'x 791, 794 (10th Cir. 2014); United States v. Osborn, 679 F.3d 1193, 1195-96 (10th Cir. 2012). While not mandatory, the Court may also consider defendant's post-sentencing conduct. Osborn, 679 F.3d at 1195; see Meridyth, 573 F. App'x at 794; U.S.S.G. § 1B1.10 cmt. n.1(B).

Defendant's amended guideline range is 108 to 135 months. The Court has considered the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant and any threat to public safety. After balancing these factors, the Court finds that a sentence of 97 months in prison is sufficient but not greater than

---

[4] Based on 567 grams of cocaine base, defendant's base offense level was actually 32 with a criminal history category III. Accordingly, the correct guideline range was 135 to 168 months.

necessary to meet all of the objectives of federal sentencing law.[5]

**IT IS THEREFORE ORDERED** that defendant's pro se Motion For Modification Of Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c) (Doc. #163) filed July 20, 2015 be and hereby is **SUSTAINED**. **The Court reduces defendant's term of imprisonment from 108 months to 97 months. All other provisions of the amended judgment dated December 21, 2011 shall remain in effect.**

Dated this 8th day of December, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[5] The Guidelines authorize the Court to reduce defendant's term of imprisonment below the amended guideline range in an amount comparably less than the reduction for substantial assistance from the original range. See U.S.S.G. § 1B1.10(b)(2)(B). Based on the government's Rule 35(b) motion, the Court sentenced defendant to 108 months in prison, which accounted for a ten percent reduction from the guideline sentence of 120 months. A sentence of 97 months is comparably less than the low end of the amended guideline range of 108 to 135 months.